1
2
3
4
5                   UNITED STATES DISTRICT COURT

6                  EASTERN DISTRICT OF CALIFORNIA

7

8   UNITED STATES OF AMERICA,            CASE NO. CR F 13-0109 LJO SKO

9              Plaintiff,                **ORDER ON SUBPOENA TO**
                                         **PRETRIAL    SERVICES    OFFICER**
10                                       **LYDIA SERRANO**
                                         (Doc. 109.)
11

12       vs.

13

14  SERGIO PATRICK RODRIGUEZ
    and JENNIFER L. COLEMAN,
15

16              Defendants.
    _____/
17
            This Court has reviewed the Notice of Subpoena and Government's Response to the
18
    Court's Order to Give Good Legal Cause for not quashing the subpoena pursuant to 18 U.S.C.
19
    § 3153(c)(1).  No response was filed by the defense, in spite of this Court's invitation for one.
20
    This Court rules as follows:
21
            *United States v. Wilson*, 930 F.2d 616, *cert. denied*, 502 U.S. 872 (1991), addresses the
22
    heart of the concern of pretrial interview confidentiality, as it pertains to the instant case:
23
            The question is whether impeaching a witness constitutes admission of
24          evidence on the "issue of guilt" as intended by Congress.  It does not.
            Impeachment evidence addresses <u>credibility</u> and is distinct from
25          <u>substantive guilt evidence</u>.  Therefore, under a plain reading of the
            statute, the government can use pretrial services interview statements
26          to impeach a defendant.  (Underling added.)

27

28

                                          1

The Guide to Judiciary Policies and Procedures, Chapter III, Confidentiality, (A)(1)(C), provides:

> Confidentiality of pretrial services information is preserved primarily to promote a candid and truthful relationship between the defendant and the pretrial services officer in order to obtain the most (sic) complete and accurate information possible for the judicial officer."

Since the issue of impeachment is credibility and whether a person was untruthful during OR after the interview, allowing testimony for impeachment purposes at trial is actually consistent with the objective of confidentiality of Pretrial Services information.

Should it be appropriate (not in the case in chief, but rather for rebuttal impeachment), the testimony of Pretrial Services Officer Lydia Serrano will be allowed.

IT IS SO ORDERED.

Dated:   **December 12, 2013**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE